UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERESA ROCKOVICH, | Civ. Action No. 22-CV-3428 |
| Plaintiff, | **COMPLAINT** |
| – against – | |
| DEEJAYZOO, LLC d/b/a SHHHOWERCAP, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Theresa Rockovich ("Plaintiff"), as and for her complaint in the above-captioned action against Deejayzoo, LLC d/b/a Shhhowercap ("Defendant"), alleges as follows, upon information and belief:

### NATURE OF THE ACTION

1.      This is an action to enforce payment of a promissory note.

### PARTIES

2.      Plaintiff is an individual domiciled in the State of California.

3.      Defendant is a New York limited liability company with its principal place of business in the Southern District of New York.

4.      Based upon research of filings with the New York State Department of Corporations, a review of filings in DEEJAYZOO, LLC d/b/a SHHHOWERCAP v. KAZ KONSULTING, LLC and KARA LAFORGIA 19-CV-8688 (PKC) in the Southern District of New York, extensive internet research and personal knowledge of the Defendant, the sole member of Defendant is Jacquelyn De Jesu, who resides at 337 Kent Avenue, Brooklyn, New York 11249 and is domiciled in the State of New York.

5.      Plaintiff and Defendant are hereinafter referred to, collectively, as the "Parties."

**JURISDICTION AND VENUE**

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and the action is between a citizen of this state and a citizen of a foreign state.

7.      According to the Parties' agreement, Plaintiff can sue "under New York law[] in the Southern District of New York."

8.      This district is also the proper venue for this action pursuant of 28 U.S.C. § 1391, as a substantial part of the events – virtually all negotiations of the promissory note at issue – giving rise to Plaintiff's claim occurred within this district.

**FACTUAL ALLEGATIONS**

9.      On November 19, 2021, in response to Defendant's indebtedness to Plaintiff, the Parties agreed on a payment plan by executing a promissory note (the "Note").

10.      At that time, the Parties agreed that Defendant owed Plaintiff $155,000.00.

11.      The Note mandated payments on the following dates and in the following amounts: December 15, 2021 ($10,000.00); January 15, 2022 ($20,000.00); February 15, 2022 ($10,000.00); March 15, 2022 ($10,000.00); April 15, 2022 ($20,000.00); May 15, 2022 ($10,000.00); June 15, 2022 ($10,000.00); July 15, 2022 ($20,000.00); August 15, 2022 ($10,000.00); September 15, 2022 ($10,000.00); October 15, 2022 ($10,000.00); November 15, 2022 ($10,000.00); December 15, 2022 ($10,000.00); and January 15, 2023 ($10,000.00).

12.      The Parties further agreed that "[i]n the event that [Defendant] defaults on any single payment, the entire balance of the $155,000.00 loan comes due immediately plus the 20% interest which will continue to accrue until the full balance including interest has been repaid."

13.     The Parties agreed that if all payments were timely up to and including the November 15, 2022 payment, the December 15, 2022 and January 15, 2023 payments would be waived.

14.     The Parties also agreed that any late payment could be cured within five days of the due date for that payment.

15.     Defendant "will be responsible for [Plaintiff's] attorney's fees and costs" in the case of litigation.

16.     Defendant made satisfactory payments in December 2021, January 2002, February 2022, and March 2022.

17.     Defendant failed to timely pay the April 15, 2022 payment of $20,000.00 to Plaintiff.

18.     That same day, Plaintiff advised Defendant that she had not received the April 15, 2022 payment as required.

19.     Defendant responded to Plaintiff on April 18, 2022, acknowledging the missed payment, and requested the opportunity to negotiate "the remaining balance of this loan with a lump sum payment."

20.     Defendant further confirmed that "the cure period is 5 days from each due date" which "would mean $20k could be serviced any time before COB 4/20 without further escalation."

21.     On Monday, April 18, 2022, Plaintiff confirmed that the payment could still be made up until the close of business on April 20, 2022 and stated that she would accept $100,000.00 payment by the end of the week as a lump sum payment instead of the current schedule, otherwise Plaintiff would proceed with litigation.

22.     On April 20, 2022, having heard no response from Defendant, Plaintiff again

reached out to Defendant to see if they would be curing the missed payment, but neither received

a payment, nor a response.

23.     Accordingly, Defendant defaulted on the Note, still owing $105,000 plus interest.

**JURY TRIAL DEMANDED**

24.     Plaintiff demands a trial by jury.

**FIRST CLAIM FOR RELIEF**
**BREACH OF PROMISSORY NOTE**

25.     Plaintiff repeats and realleges each and every allegation in each of the preceding

paragraphs as if fully set forth herein.

26.     The Parties executed the Note requiring monthly payments from December 2021

through January 2023.

27.     Plaintiff performed under the Note.

28.     Defendant failed to pay according to the terms of the Note.

29.     Plaintiff was injured in the amount of $105,000.00, plus interest, costs and

attorney's fees.

**SECOND CLAIM FOR RELIEF**
**ACCOUNT STATED**

30.     Plaintiff repeats and realleges each and every allegation in each of the preceding

paragraphs as if fully set forth herein.

31.     Plaintiff presented Defendant with a debt – or an account – based on a prior

transaction between the Parties.

32.     Defendant expressly accepted the debt – or the account – as correct and promised

to pay the amount stated.

33.     Defendant failed to pay according to the terms of the Note.

34.     Plaintiff was injured in the amount of $105,000.00, plus interest, costs and

attorney's fees.

## THIRD CLAIM FOR RELIEF
## UNJUST ENRICHMENT

35.     Plaintiff repeats and realleges each and every allegation in each of the preceding

paragraphs as if fully set forth herein.

36.     Defendant was enriched at Plaintiff's expense.

37.     Defendant failed to pay according to the terms of the Note.

38.     The principles of equity and good conscience necessitate Plaintiff's recovery.

39.     Plaintiff was injured in the amount of $105,000.00, plus interest, costs and

attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants for the

following relief:

a.      Compensatory damages in an amount to be determined at trial, but not less

        than $105,000.00 plus interest;

b.      Costs, expenses and attorney's fees; and

c.      Such other and further relief as the Court deem just.

Dated:  New York, New York
        April 27, 2022

_Evan Brustein_
_____
Evan Brustein
BRUSTEIN LAW PLLC
299 Broadway, 17th Floor
New York, New York 10007
T: (212) 233-3900
F: (212) 285-0531

evan@brusteinlaw.com

Mark A. Marino
Mark A. Marino P.C.
99 Wall Street, Suite 1865
New York, New York 10005
T: (212) 748-9552
F: (646) 219-5350
mmarino@marino-law.com

*Attorneys for Plaintiff*